UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BERTHA ANN BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-254-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAVID PAUL, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The defendants have filed a Motion to Dismiss Plaintiff Bertha Battle's Complaint, contending that Battle has incorrectly claimed a violation of 42 U.S.C. § 1983 because the defendants are federal officials. [Record Nos. 15, 18] "[A]s a general matter, '[t]he federal government and its officials are not subject to suit under [§ 1983].'" *Haines v. Federal Motor Carrier Safety Administration*, 814 F.3d 417, 429 (6th Cir. 2016) (quoting *Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004)). Battle seemingly admits that she does not have a viable §1983 claim, but argues she "has alleged facts and claims that support a *Bivens* claim against Defendants." [Record No. 17] In the alternative, Battle "requests permission to Amend the Complaint to remove the confusing heading and more clearly identify this as a *Bivens* action." [*Id.*] The defendants argue that Battle's response cannot be construed as a motion for leave to amend, and that she has failed to attach a proposed amended complaint, as required. [Record No. 18]

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] . . . when justice so requires," and the United States Court of Appeals for the Sixth Circuit "typically manifests liberality in allowing amendments to a complaint." *Youngblood v. Board of Commissioners of Mahoning County*, 847 F. App'x 267, 271 (6th Cir. 2021) (cleaned up).  It "'disfavor[s],' however, a 'bare request [to amend a complaint] in lieu of a properly filed motion.'"  *Id.* (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)).  Additionally, courts need not construe a §1983 claim as a *Bivens* claim when a plaintiff is represented by an attorney.  *See Fuqua v. Turner*, No. 17-cv-1911, 2018 WL 1900549, at *1 n.2 (N.D. Ala Apr. 20, 2018) ("The court is not convinced that it must construe [the plaintiff's] § 1983 claims as Bivens claims, as [the plaintiff] is represented by counsel.").

Some courts, however, "provide a plaintiff with an opportunity to amend a complaint when faced with a dismissal that is readily curable because slight defects should not condemn an otherwise viable complaint."  *Al El-Hallani v. Huntington Nat'l Bank*, No. 13-cv-12983, 2014 U.S. Dist. LEXIS 32372, at *29 (E.D. Mich. Mar. 13, 2014).  Here, the only reference to § 1983 is in a section heading naming the single count in the Complaint, while the facts allege that the defendants failed to provide Battle with adequate medical care while she was imprisoned at Federal Medical Center, Lexington in violation of the Eighth Amendment. [Record No. 1]

"An action under *Bivens* is almost identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials while the latter is brought against state officials." *Pagani-Gallego v. Escobedo*, 149 F.3d 1184 (6th Cir. 1998).  Battle has not asserted

sufficient facts to establish a §1983 claim, but her Complaint is readily curable. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' motion to dismiss Plaintiff Battle's §1983 claim [Record No. 15] is **GRANTED**.

2. Battle's Complaint [Record No. 1] is **DISMISSED**, without prejudice. The Plaintiff may file an Amended Complaint by no later than **Monday, March 13, 2023**; otherwise, this Court will enter a judgment dismissing this action with prejudice.

Dated: March 3, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky